MILORD A. KESHISHIAN, SBN 197835
milord@milordlaw.com
J. Nicolas Anwandter, SBN 294677
nico@milordlaw.com
LINDSAY KYSER, SBN 319343
lindsay@milordlaw.com
MILORD & ASSOCIATES, P.C.
10517 W. Pico Boulevard
Los Angeles, CA 90064
Tel:    (310) 226-7878
Fax:   (310) 226-7879


DANIEL J. KOLODZIEJ, SBN 170595
dkolodziej@trygstadlawoffice.com
TRYGSTAD, SCHWAB & TRYGSTAD
1880 Century Park East, Suite 1104
Los Angeles, CA 90067-1600
Tel:    (310) 552-0500
Fax:   (310) 552-1306

Attorneys for Plaintiff
Trigg Laboratories, Inc.

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA – CENTRAL DIVISION

| | |
|---|---|
| TRIGG LABORATORIES, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>WSM INVESTMENT LLC dba TOPCO SALES dba WSM SALES LLC, a Delaware limited liability company; IDEAL RESOURCES, INC., a California corporation; LOVER HEALTH SCIENCE AND TECHNOLOGY CO., LTD., a Chinese entity; and DOES 1 through 10,<br><br>Defendants. | CASE NO.:  2:18-cv-00024<br>COMPLAINT FOR DAMAGES:<br>1. Trademark Infringement, 15 U.S.C. § 1114;<br>2. Unfair Competition/False Designation Of Origin 15 U.S.C. § 1125(a)<br>3. Common Law Trademark Infringement;<br>4. Unfair Competition, Cal. Bus & Prof. Code § 17200<br><br>JURY TRIAL DEMANDED |

Plaintiff Trigg Laboratories, Inc. ("Trigg" or "Plaintiff"), complains of the Defendants and allege as follows:

## INTRODUCTION

1.      This is an action to enforce Trigg's intellectual property rights by putting a stop to Defendants' knowing, willful, and intentional scheme to trade on Trigg's incontestable WET® trademarks and goodwill.  For over twenty-five years, Trigg has developed, formulated, packaged and sold premium healthcare products, including lines of personal lubricants and intimacy products, under its numerous federally registered WET® trademarks.  WET® products are available in all major drugstores and mass market retailers in the United States, as well as in over sixty-two countries.

2.      Yet, despite Defendants' irrefutable knowledge of Trigg's superior WET® trademarks, Defendants not only adopted the Infringing Wet Trademarks, but did so after being advised of the conflict and likelihood of confusion with Trigg's senior WET® trademarks.  As Trigg has asked Defendants to cease their willful and intentional infringement to no avail, Trigg is left with no alternative but to turn to the Court to protect its rights and business.

## JURISDICTION

3.      These causes of action arise under the provisions of the Lanham Act (15 U.S.C. §§ 1051-1127), and the common law.  This Court has subject matter jurisdiction over the First and Second Causes of Action pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. §§ 1114 and 1125.  This Court has subject matter jurisdiction over the Third and Fourth Causes of Action under 28 U.S.C. § 1367(a) because they are so related to claims within the original jurisdiction of this Court under the trademark and unfair competition laws of the United States that they form part of the same case or controversy.

4.      Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) because Defendants have physical presence, including offices, warehouses, and employees, in this District and the events giving rise to this action occurred in this district, namely the

Defendants have, among other acts, marketed and sold in this district products and/or provided services using a mark confusingly similar to Trigg's WET® trademarks and because the Defendants' actions have resulted in acts of trademark infringement and unfair competition throughout the State of California.

## THE PARTIES

5.    Plaintiff Trigg is and at all times herein mentioned was a corporation organized and existing under the laws of the State of California, with a principal place of business in Los Angeles County, California.

6.    Defendant WSM Investment LLC, dba Topco Sales and dba WSM Sales, LLC ("WSM") is a Delaware limited liability company, with a principal place of business at 3990 Heritage Oak Court #B, Simi Valley, California 93063, and does business in the State of California and, in particular, within this district.

7.    Ideal Resources Inc. is a California corporation ("Ideal"), with a principal place of business at 3990 Heritage Oak Court #B, Simi Valley, California 93063, and does business in the State of California and, in particular, within this district.   Ideal is the owner of WSM.  Trigg is further informed and believes, and upon that basis alleges, that Ideal is a principal, guiding spirit, and/or central figure in WSM and has control over the day to day operations thereof, and directly benefits from the tortious conduct alleged herein.

8.    Lover Health Science and Technology Co., Ltd. ("Lover Health") is a Chinese entity, based in Huzhou, Zhejiang, China, but maintains an office at 3990 Heritage Oak Court #B, Simi Valley, California 93063, and does business in the State of California and, in particular, within this district.  Lover Health is the owner of Ideal and WSM.  Trigg is further informed and believes, and upon that basis alleges, that Lover Health is a principal, guiding spirit, and/or central figure in Ideal and WSM and has control over the day to day operations thereof, and directly benefits from the tortious conduct alleged herein.

9.    Trigg is unaware of the true names and capacities of DOES 1 through 10, inclusive, and therefore sues said defendants by such fictitious names.  Trigg will ask leave

of Court to amend this Complaint to state the true names and capacities of the defendants sued as DOES when the same are ascertained. Trigg is informed and believes, and based thereon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that Trigg's damages, as herein alleged, were proximately caused by their conduct.

10.    At all material times herein, each defendant was the agent, servant, and employee of their co-defendants, and in doing things herein alleged were acting in the scope of their authority as such agents, servants, and employees, and with the permission and consent of their co-defendants.

11.    Trigg is further informed and believes that, at all times pertinent hereto, WSM, Ideal, Lover Health and Doe defendants (collectively "Defendants") have directed ongoing and substantial commercial activities toward the State of California and in the County of Los Angeles, including without limitation the Central District of California. Such ongoing and substantial commercial activities include, but are not limited to maintaining headquarters and employees in this District, conducting business transactions with residents of this District, and the use of commercial websites which are accessed by residents within this District.

## FACTUAL BACKGROUND

12.    Trigg adopted and used the word mark WET® in January of 1989 on personal lubricants.

13.    Trigg is the owner of the following trademarks registered on the Principal Register of the USPTO, all of which are valid and some are incontestable pursuant to 15 U.S.C. § 1065 as noted below:

| TRADEMARK | REG. NO. | REG. DATE | CLASS/GOODS |
|---|---|---|---|
| WET | 4913417 | January 25, 2016 | IOC 003, massage oils; massage gels not for medical purposes; essential oils for personal use; aroma therapy products, namely, scented oils and lotions used to produce aromas when heated; bath |

| | | | |
|---|---|---|---|
| | | | products, namely, oil, creams, and lotions; body creams and oils; body lotions; shave gels, foams, creams and lotions; but specifically excluding hair care products.<br>IC 005, personal lubricants, namely, gels, jellies, oils and lotions for use as personal lubricant, silicone-based personal lubricants, oil-based personal lubricants, water-based personal lubricants and personal lubricants enriched with vitamins and herbal and other plant-derived treatments; intimacy gels for use as personal lubricants and sexual arousal aids; vaginal moisturizers; topical preparations, namely, sprays, gels and creams for enhancing sexual arousal. |
| WET FUN FLAVORS | 2035955 | February 4, 1997<br>Incontestable | IC 003, body lotions for adult use only. |
| WET PLATINUM | 2201884 | November 3, 1998<br>Incontestable | IC 003, massage gels |
| WET (logo) | 2668557 | December 31, 2002<br>Incontestable | IC 005, personal lubricants |
| INTTIMO BY WET | 3114763 | July 11, 2006<br>Incontestable | IC 003, Massage oils; essential oils for personal use; aroma therapy products, namely, scented oils and lotions used to produce aromas when heated, bath products namely, oil, creams, lotions, namely, body creams, and oils; and body lotions; and cosmetics * but specifically excluding: medicated and non-medicated intimate hygiene washes, medicated and non-medicated pre-moistened wipes, medicated and non-medicated pre-moistened towelettes and medicated and non-medicated pre-moistened tissues *. |
| WET NATURALS | 4060242 | November 22, 2011<br>Incontestable | IC 003, Massage gels; body lotions and gels for massage.<br><br>IC 0005, Personal lubricant, namely, gels, oils and lotions for use as personal lubricant. Silicone-based personal lubricants, oil-based personal lubricants, water-based personal lubricants and personal lubricants enriched with vitamins |

| | | | and herbal and other plant-derived treatments; intimacy gels and lotions for use as personal lubricant, namely, for lubricating during intimate physical contact. |
|---|---|---|---|
| WET TOGETHER | 3926160 | March 1, 2011 Incontestable | IC 003. Massage oils, lotions and gels; but specifically excluding hair conditioner and other hair care products.<br><br>IC 005. personal lubricants, namely, gels, oils and lotions for use as personal lubricant, silicone-based personal lubricants, oil-based personal lubricants, water-based personal lubricants and personal lubricants enriched with vitamins and herbal and other plant-derived treatments; intimacy gels for use as personal lubricants and sexual arousal aides; vaginal moisturizers; topical preparations, namely, sprays, gels and creams for enhancing sexual arousal. |
|  | 4012848 | August 16, 2011 Incontestable | IC 003. Massage oils and gels; essential oils for personal use; aroma therapy products, namely, scented oils and lotions used to produce aromas when heated; bath products, namely, oil, creams, and lotions; body creams and oils; body lotions; but specifically excluding hair care products.<br><br>IC 005. personal lubricants, namely, gels, oils and lotions for use as personal lubricant, silicone-based personal lubricants, oil-based personal lubricants, water-based personal lubricants and personal lubricants enriched with vitamins and herbal and other plant-derived treatments; intimacy gels for use as personal lubricants and sexual arousal aides; vaginal moisturizers; topical preparations, namely, sprays, gels and creams for enhancing sexual arousal. |
| WET TOGETHER ULTIMATE | 3938575 | March 29, 2011 Incontestable | IC 005. pleasure and intimacy gels for use as personal lubricants and sexual arousal aides; topical preparations, namely, gels and creams for enhancing sexual arousal and/or delaying orgasm and/or prolonging sexual stimulation. |
| WET ECSTASY | 3999343 | July 19, 2011 | IC 005. personal lubricants, namely, |

| | | Incontestable | gels, oils and lotions for use as personal lubricant, silicone-based personal lubricants, oil-based personal lubricants, water-based personal lubricants and personal lubricants enriched with vitamins and herbal and other plant-derived treatments; pleasure and intimacy gels for use as personal lubricants and sexual arousal aides; vaginal moisturizers; topical preparations, namely, sprays, gels and creams for enhancing sexual arousal and/or delaying orgasm and/or prolonging sexual stimulation. |
|---|---|---|---|
| WET SYNERGY | 3955084 | May 3, 2011 Incontestable | IC 005, personal lubricants, namely, gels, oils and lotions for use as personal lubricant, silicone-based personal lubricants, oil-based personal lubricants, water-based personal lubricants and personal lubricants enriched with vitamins and herbal and other plant-derived treatments; vaginal moisturizers; topical preparations, namely, sprays, gels and creams for enhancing sexual arousal. |
| WET DEFEND | 4543770 | June 3, 2014 | IC 005, personal lubricants, namely, gels, oils and lotions for use as personal lubricant, medicated lubricants containing microbicide, silicone-based personal lubricants, oil-based personal lubricants, water-based personal lubricants and personal lubricants enriched with vitamins and herbal and other plant-derived treatments; vaginal moisturizers. |
| WET WOW | 4329285 | April 30, 2013 | IC 005, pleasure and intimacy gels for use as sexual arousal aids; topical preparations, namely, gels and creams for use as clitoral stimulants; topical preparations, namely, gels and creams for enhancing sexual arousal and/or delaying orgasm and/or prolonging sexual stimulation. |
| WET GELLEE | 4474794 | January 28, 2014 | IC 005, personal sexual lubricants, water-based sexual lubricants, water-based flavored sexual lubricants, sexual lubricants in a gelatinous or jelly-like formulation. |

COMPLAINT

| | 4474820 | January 28, 2014 | IC 003. Massage oils; massage gels not for medical purposes; essential oils for personal use; aroma therapy products, namely, scented oils and lotions used to produce aromas when heated; bath products, namely, oil, creams, and lotions; body creams and oils; body lotions; shave gels, foams, creams and lotions; but specifically excluding hair care products |
| | | | IC 005. personal lubricants, namely, gels, jellies, oils and lotions for use as personal lubricant, silicone-based personal lubricants, oil-based personal lubricants, water-based personal lubricants and personal lubricants enriched with vitamins and herbal and other plant-derived treatments; intimacy gels for use as personal lubricants and sexual arousal aids; vaginal moisturizers; topical preparations, namely, sprays, gels and creams for enhancing sexual arousal. |
| WET NURU | 4590037 | August 19, 2014 | IC 003. Massage gels not for medical purposes; massage lotions and oils. |

14.    Long before Defendants' infringing conduct and adoption of the infringing trademarks, Trigg used the above registered trademarks, in addition to several other marks incorporating the word "WET," and operated its website with the following domain name www.staywetlonger.com.

15.    Trigg's registered WET trademarks and common law WET trademarks will collectively be referred to as the WET Marks.

16.    As a result of extensive advertising, promotion and continuous use – including internationally and international registrations – of the Wet Marks, the marks have acquired valuable goodwill among consumers and in the industry.

## DEFENDANTS' MISCONDUCT

17.    Defendants, with full knowledge of Trigg's WET Marks and goodwill in the

industry, have used and continue to use the infringing marks "Wet" and "Vulcan Wet," as trademarks in association with personal lubricant products manufactured and sold by Defendants ("Infringing Wet Trademarks").

18.   On August 29, 2017, Trigg sent a cease and desist letter to Defendants, via overnight delivery, informing them of Trigg's superior trademark rights in the WET Marks, including Trigg's WET®, WET ECSTASY®, and WET NATURALS® marks, and that Defendants' mark infringes upon Trigg's registered WET Marks.

19.   Despite the irrefutable notice, Defendants ignored the August 29, 2017 letter and continued to manufacture, advertise and sell products bearing the Infringing Wet Trademarks.

20.   On September 27, 2017, Trigg sent another cease and desist letter to Defendants, via overnight delivery, enclosing the prior letter of August 29, 2017.

21.   Despite the irrefutable notice, Defendants ignored the August 29, 2017 letter and the September 27, 2017 letter, failed to respond or issue a recall, and continued to manufacture, advertise and sell products bearing the Infringing Wet Trademarks.

22.   Defendants do not have, nor have they ever had, the right or authority to use the WET Marks.  Further, the WET Marks have never been assigned or licensed to be used on any website operating under the Defendants' domain name or social media user names.

23.   Defendants' above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade before, during, and after the time of purchase.  Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Trigg's genuine goods and Defendants' infringing goods, which there is not.

24.   Defendants' improper activities, as described above, have been willful and deliberate, thereby making this an exceptional case under the Lanham Act.

25.   Trigg is suffering irreparable injury and has suffered substantial damages as a direct and proximate result of Defendants' infringing activities and unfair competition,

COMPLAINT

including but not limited to loss of sales and profits to Defendants which Trigg would have made but for Defendants' misconduct.

26.    Trigg has no adequate remedy at law and is and will be irreparably harmed unless Defendants' conduct is preliminarily and/or permanently enjoined.

## FIRST CAUSE OF ACTION
### Federal Trademark Infringement, 15 U.S.C. § 1114
(Against All Defendants)

27.    Trigg refers to the allegations of Paragraphs 1 through 26 of this Complaint and incorporates them as though fully set forth herein.

28.    By the acts alleged herein, Defendants have engaged in trademark infringement under the Lanham Act, 15 U.S.C § 1114.

29.    Trigg's federal registrations, including incontestable registrations, of the WET Marks are conclusive evidence of Trigg's ownership of the marks and their validity.

30.    Defendant's wrongful use of the Infringing Wet Trademarks are likely to cause confusion as to sponsorship, endorsement, or authorization by Trigg.

31.    As a proximate result of Defendants' actions, Trigg has suffered and will continue to suffer great damage to its business, goodwill, reputation, profits and strength of its trademarks.  The injury to Trigg is and continues to be ongoing and irreparable.

32.    The foregoing acts of infringement have been and continue to be deliberate, willful and wanton, making this case exceptional within the meaning of 15 U.S.C. § 1117. An award of monetary damages alone cannot fully compensate Trigg for its injuries and Trigg lacks an adequate remedy at law.

33.    Trigg is entitled to all remedies available under the Lanham Act, including, but not limited to, preliminary and permanent injunctions, compensatory damages, treble damages, disgorgement of profits, costs and attorney's fees.

//

//

//

COMPLAINT

## SECOND CAUSE OF ACTION
Unfair Competition/False Designation Of Origin, 15 U.S.C. § 1125(a)
(Against All Defendants)

34.     Trigg refers to the allegations of Paragraphs 1 through 33 of this Complaint and incorporates them as though fully set forth herein.

35.     The aforesaid acts of Defendants are likely to cause confusion, mistake or deception among purchasers and potential purchasers of products bearing the Infringing Wet Trademarks as to the source and/or origin of the goods sold by Defendants because purchasers are likely to believe that Defendants' goods originate from, or are in some way properly connected with, approved, sponsored, or endorsed by Trigg under its WET Marks.

36.     The confusion, mistake or deception referred to herein arises out of the aforesaid acts of Defendants which constitute false designation of origin and unfair competition in violation of section 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a).

37.     Upon information and belief the aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake or deception.

38.     As a proximate result of the acts of Defendants, as alleged herein, Trigg has suffered, is suffering and will continue to suffer irreparable damage and, unless said Defendants are restrained from continuing these wrongful acts, the damage to Trigg will increase.

## THIRD CAUSE OF ACTION
Common Law Trademark Infringement
(Against All Defendants)

39.     Trigg realleges and incorporates herein by reference paragraphs 1 through 38 as though fully set forth herein.

40.     By reason of the Defendants' actions alleged herein, Trigg has suffered, and will continue to suffer, irreparable injury to its rights and suffer substantial loss of goodwill, reputation, and in the value of the WET Marks, unless and until the Defendants are enjoined from continuing their wrongful acts.

41.     By reason of the Defendants' actions alleged herein, Trigg has been damaged

in an amount not presently ascertained, and such damage will continue and increase unless and until the Defendants are enjoined from continuing their wrongful acts.

42.     Defendants' conduct in this cause of action is willful, wanton, malicious, oppressive, and in conscious disregard of Trigg's rights in its WET Marks, justifying the imposition of punitive and exemplary damages under California Civil Code §3294.

## FOURTH CAUSE OF ACTION
### Unfair Competition, Cal. Bus & Prof. Code § 17200
(Against All Defendants)

43.     Trigg realleges and incorporates herein by reference paragraphs 1 through 42 as though fully set forth herein.

44.     Defendants' acts described above, including its infringement, constitute unfair competition in violation of California Business and Professional Code §17200 *et seq.,* as they are likely to deceive and confuse the public.

45.     Defendants' acts of unfair competition have caused and will continue to cause Trigg irreparable harm.  Trigg has no adequate remedy at law for Defendants' unfair competition.

46.     Trigg is entitled to, *inter alia*, a judgment enjoining and restraining Defendants from engaging in further unfair competition.


## PRAYER FOR RELIEF

WHEREFORE Trigg prays for judgment against Defendants, and each of them, as follows:

A.     That Defendants, their agents, servants, employees, representatives, successors, and assigns, and all persons, firms, corporations, or other entities in active concert or participation with any of them, be preliminarily and permanently enjoined from:

      1) using the Infringing Wet Trademark, as well as any other colorable imitation of Trigg's WET Marks that is likely to cause confusion, mistake, or deception or to impair the distinctiveness of Trigg's WET Marks;

      2) using Trigg's trade names, trademarks, or service marks, or any version

thereof, in connection with the description, marketing, promotion, advertising, or sale of products or services not associated with or approved by Trigg;

3) registering, using, or trafficking any domain names and social media user names that are identical or confusingly similar to Trigg's WET Marks;

4) unfairly competing with Trigg in any manner; and,

5) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs 1) through 4) above.

B.      For an order finding that, by the acts complained of herein, Defendants have engaged in trademark infringement, unfair competition/false designation of origin, and that such conduct has been willful;

C.      For an order awarding, at Trigg's election, statutory and/or actual damages, in an amount to be fixed by the Court in accordance with proof, including punitive and exemplary damages as appropriate, as well as all of Defendants' profits or gains of any kind resulting from each cause of action, and further for an order awarding treble damages, pursuant to 15 U.S.C. § 1117(b) or any other applicable statute, because the acts of infringement were willful and wanton;

D.      For an order finding that an award of pre and post judgment interest is necessary to fully compensate Trigg for the damage it has sustained;

E.      For an order awarding Trigg all of its costs, including its attorneys' fees incurred in prosecuting this action;

F.      Awarding Trigg recovery for any unjust enrichment of Defendants; and,

//
//
//
//
//

COMPLAINT

G.     For an order awarding Trigg such other and further relief as the Court may deem just and proper.

Dated: January 2, 2018                    Respectfully submitted:

                                          **Milord & Associates, PC**
                                          TRYGSTAD, SCHWAB & TRYGSTAD


                                          By:   /Milord A. Keshishian/
                                          Milord A. Keshishian
                                          Attorney for Plaintiff
                                          TRIGG LABORATORIES, INC.

# **JURY TRIAL DEMAND**

Plaintiff, through its attorneys of record, hereby demands trial by Jury.

Dated: January 2, 2018                    Respectfully submitted:

**Milord & Associates, PC**
TRYGSTAD, SCHWAB & TRYGSTAD


By:   /Milord A. Keshishian/
Milord A. Keshishian
Attorney for Plaintiff
TRIGG LABORATORIES, INC.

15
COMPLAINT